Foster A. Glass, OSB No. 751334
E-Mail: fosterg@bendcable.com
Attorney at Law
339 SW Century Drive, Suite 101
Bend, Oregon 97702
Telephone: (541) 317-0703
Fax: (541) 317-0736

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| MARK CASTERLINE,<br><br>                Plaintiff,<br><br>    v.<br><br>STATE OF OREGON, OREGON STATE POLICE, MALHEUR COUNTY, CITY OF ONTARIO, MALHEUR COUNTY ENTRY TEAM, MEMBERS AND OFFICERS: TROOPER RYAN MOOREHEAD, SERGEANT MARK A DUNCAN, CAPTAIN TRAVIS HAMPTON, TROOPER JAVIER MARQUEZ, OFFICER VICTOR GRIMALDO, DEPUTY DAN PERKINS, DEPUTY CASEY WALKER, DEPUTY WADE HOLOM, SR. TROOPER TRISH DRAZE, SERGEANT BOB SPEELMAN, LT. CRAIG SMITH, DET. ROB HONSUCKER, DEP. BRAD WILLIAMS, DEP. TAMMI DUBY, DEP. OSCAR MARTINEZ, DEP. BRIAN BELNAP,<br><br>                Defendant. | Case No. 08-6169-HO<br><br>COMPLAINT FOR DAMAGES, CIVIL RIGHTS UNDER 42 USC SEC. 1983, FOURTH AMENDMENT VIOLATION, WARRANTLESS ENTRY INTO HOME WITH DAMAGE TO PREMISES WITHOUT EXIGENT OR EMERGENCY CIRCUMSTANCES AND ARREST AND DETAINER OF PERSON WITHOUT WARRANT AND WITHOUT EXIGENT CIRCUMSTANCES AND WITHOUT REQUIRED PROBABLE CAUSE TO BELIEVE PLAINTIFF WAS IN RESIDENCE<br><br>JURY TRIAL REQUESTED |

**NATURE OF INCIDENT**

1.

This is a civil action for damages sustained by Plaintiff, a citizen of Malheur County,

COMPLAINT FOR DAMAGES, CIVIL RIGHTS UNDER 42 USC SEC. 1983, FOURTH AMENDMENT
VIOLATION, WARRANTLESS ENTRY INTO HOME WITH DAMAGE TO PREMISES WITHOUT
EXIGENT OR EMERGENCY CIRCUMSTANCES AND ARREST AND DETAINER OF PERSON
WITHOUT WARRANT AND WITHOUT EXIGENT CIRCUMSTANCES AND WITHOUT REQUIRED
PROBABLE CAUSE TO BELIEVE PLAINTIFF WAS IN RESIDENCE

Page 1

Oregon against the above named Defendants, both individually (in their personal capacities) and in their official capacity as hired police officers, who in their intentional conduct and reckless and conscious deliberate disregard for Plaintiff's civil rights and liberty, deprived Plaintiff of his Fourth Amendment civil and constitutional rights. Plaintiff suffered damage to his home, and mental and emotional distress by reason of a warrantless, unlawful entry into his home, without exigent circumstances and unlawful arrest and incarceration without the prerequisites of a warrant, probable cause and exigent circumstances and probable cause to believe that Plaintiff was in his residence.

2.

All actions of this Complaint are brought against the named Defendants individually and personally, and against the governmental entities under the theory of governmental liability.

3.

The jurisdiction of this Court is invoked pursuant to the provisions of 28 USC Sec. 1331 and Sec. 1343. This action arises under the Fourth Amendment to the U.S. Constitution, pursuant to 42 USC Sections 1983 and 1988. All of the acts and practices alleged herein occurred in Malheur County, Oregon.

4.

Plaintiff's costs and attorney fees may be awarded pursuant to the Civil Rights Act as amended, 42 USC Sec. 1988.

**PARTIES**

5.

Plaintiff is a citizen of the United States and resided in Malheur County, Oregon at the time of the subject incident.

COMPLAINT FOR DAMAGES, CIVIL RIGHTS UNDER 42 USC SEC. 1983, FOURTH AMENDMENT VIOLATION, WARRANTLESS ENTRY INTO HOME WITH DAMAGE TO PREMISES WITHOUT EXIGENT OR EMERGENCY CIRCUMSTANCES AND ARREST AND DETAINER OF PERSON WITHOUT WARRANT AND WITHOUT EXIGENT CIRCUMSTANCES AND WITHOUT REQUIRED PROBABLE CAUSE TO BELIEVE PLAINTIFF WAS IN RESIDENCE
Page 2

LAW OFFICES OF FOSTER A. GLASS • ATTORNEY AT LAW
339 SW Century Drive, Suite 101 • Bend, Oregon 97702
Telephone (541) 317-0703 • Fax (541) 317-0736 • e-mail: fosterg@bendcable.com

**6.**

At all times material herein Defendants, State of Oregon, Malheur County and the City of Ontario are respectively state, county and city governmental entities organized under the laws of the State of Oregon, and are public bodies responsible for the conduct of employees and liable for their police officers' conduct and violations of 42 USC Section 1983, performed in the course of official capacity; and Defendants were acting within the scope of their employment as police officers for either Malheur County or the City of Ontario, Oregon.

**7.**

At all times material herein, Defendant Malheur County Entry Team was a special tactical interagency team created by an intergovernmental agreement between Defendants, agents of the State of Oregon, City of Ontario and County of Malheur, and jointly operated by them, and/or was an intergovernmental entity pursuant to ORS 190.010(5). The team consisted of law enforcement officers employed by Defendants as a cooperative in making entry into homes for various purposes.

**8.**

At all times material herein Defendant officers were acting in their official and individual capacities and within the course and scope of their employment and also acted in concert in conspiring to undertake the conduct resulting in the violation of Plaintiff's civil rights protected by the Fourth Amendment of the United States Constitution.

**9.**

The actions of each of the Defendant officers, in witnessing and condoning, failing to train, failure to supervise the conduct of subordinates, and/or failing to prevent the conduct of their fellow officers' unlawful entry into the home, false arrest and false imprisonment, and

COMPLAINT FOR DAMAGES, CIVIL RIGHTS UNDER 42 USC SEC. 1983, FOURTH AMENDMENT VIOLATION, WARRANTLESS ENTRY INTO HOME WITH DAMAGE TO PREMISES WITHOUT EXIGENT OR EMERGENCY CIRCUMSTANCES AND ARREST AND DETAINER OF PERSON WITHOUT WARRANT AND WITHOUT EXIGENT CIRCUMSTANCES AND WITHOUT REQUIRED PROBABLE CAUSE TO BELIEVE PLAINTIFF WAS IN RESIDENCE

Page 3

LAW OFFICES OF FOSTER A. GLASS • ATTORNEY AT LAW
339 SW Century Drive, Suite 101 • Bend, Oregon 97702
Telephone (541) 317-0703 • Fax (541) 317-0736 • e-mail: fosterg@bendcable.com

Case 2:08-cv-06169-SU    Document 1    Filed 06/09/08    Page 4 of 13    Page ID#: 4

Officer Moorehead's false allegations of fact resulted in the wrongful police conduct which deprived Plaintiff of the Fourth Amendment constitutional right to be free from illegal entry into a home, and wrongful imprisonment and illegal seizure of a person.

## GOVERNMENTAL LIABILITY

**10.**

On information and belief, Plaintiff asserts that at all times material herein, the Defendant governmental agencies have been made aware that their officers have previously been involved with violation of citizens' civil rights and have, with deliberate indifference, failed to inform or train employees in an effort to avoid future violations of citizens' civil rights. The failure of Defendant governmental agencies to correct police misconduct or train has established a pattern of defacto policy shown by the governmental agencies failure to admonish, correct or train its errant officers.

**11.**

At all times material herein, Defendant Captain Hampton, Troopers Ryan Moorehead, and Officers Trish Draze and Javier Marquez were employed as State Police Troopers for the State of Oregon.

**12.**

At all times material herein, Defendant Victor Grimaldo was at al material times a patrolman acting in his official capacity for the Defendant City of Ontario, Oregon.

**13.**

Defendant Sergeant Speelman was in charge of the entry team, who with the other entry team members: Rich Herriman, Rob Hunsucker, Oscar Martinez, Brad Williams, Casey Walker, Tammi Duby, Dan Perkins, Craig Smith, Brian Belnap and Wade Holom conspired and undertook the conduct complained of herein.

COMPLAINT FOR DAMAGES, CIVIL RIGHTS UNDER 42 USC SEC. 1983, FOURTH AMENDMENT VIOLATION, WARRANTLESS ENTRY INTO HOME WITH DAMAGE TO PREMISES WITHOUT EXIGENT OR EMERGENCY CIRCUMSTANCES AND ARREST AND DETAINER OF PERSON WITHOUT WARRANT AND WITHOUT EXIGENT CIRCUMSTANCES AND WITHOUT REQUIRED PROBABLE CAUSE TO BELIEVE PLAINTIFF WAS IN RESIDENCE

Page 4

Law Offices of Foster A. Glass • Attorney at Law
339 SW Century Drive, Suite 101 • Bend, Oregon 97702
Telephone (541) 317-0703 • Fax (541) 317-0736 • e-mail: fosterg@bendcable.com

## FACTS

**14.**

Plaintiff Mark Casterline lives at 4465 Oak Road, Ontario, Oregon on a large weed-free alfalfa farm. Across Oak Road and bordering Mr. Casterline's farm is an 80 acre **"Private Shooting Reserve"** owned by **Chester Roy Youngblood,** an adverse witness ostensibly relied upon by Troopers Draze and Moorehead for information prior to entry into Plaintiff's home. Mr. Youngblood's home and driveway are on a shooting reserve, owned by Youngblood, southeast from Mr. Casterline's residence.

**15.**

On properties very close to Mr. Casterline and Mr. Youngblood, there are gun shots fired on a regular basis for a variety of reasons; including but not limited to the private paid shooting reserve of Youngblood and employees from the Snake River Correctional Facility shooting both day and night on 4503 Oak Road, Ontario, target practice and pheasant hunting on several properties, and shooting in the draw near the gravel pit.

**16.**

Law enforcement are well aware that gun shots are frequently heard both day and night in this area, and a gun shot fired on the farms, shooting reserve, ranch and gravel pit is common place.

**17.**

On June 9, 2006 at 9:46 p.m. Deputy Richard Harriman of the Malheur County Sheriff's Office received a report that a truck was in a ditch at Power Road and Mesquite Road. He reported to the scene of a vehicle that was off the road. Upon arrival at Jasmine and Powers Roads at 10:36 p.m., Deputy Harriman located a pickup half in the ditch. The officer noticed nothing else unusual about the scene, and he noted that the keys were gone and

COMPLAINT FOR DAMAGES, CIVIL RIGHTS UNDER 42 USC SEC. 1983, FOURTH AMENDMENT VIOLATION, WARRANTLESS ENTRY INTO HOME WITH DAMAGE TO PREMISES WITHOUT EXIGENT OR EMERGENCY CIRCUMSTANCES AND ARREST AND DETAINER OF PERSON WITHOUT WARRANT AND WITHOUT EXIGENT CIRCUMSTANCES AND WITHOUT REQUIRED PROBABLE CAUSE TO BELIEVE PLAINTIFF WAS IN RESIDENCE

Page 5

LAW OFFICES OF FOSTER A. GLASS • ATTORNEY AT LAW
339 SW Century Drive, Suite 101 • Bend, Oregon 97702
Telephone (541) 317-0703 • Fax (541) 317-0736 • e-mail: fosterg@bendcable.com

that the vehicle did not cause any damage to the surrounding area. The pickup was not damaged, and the officer did not note what, if any, damage he witnessed. Deputy Harriman reported: "...*The crash appeared to cause no damage other than the damage to the pickup...there appeared to be nothing unusual about what we could see of the cab of the vehicle.*" At 10:38 p.m. Officer Harriman ultimately determined it was Mark Casterline's vehicle. At 10:48 p.m. he designated the "crash" as **"non-injury"** and requested that "dispatch" attempt to contact Mark Casterline– the registered owner.

18.

At some point between 10:48 p.m. and 10:50 p.m., after Deputy Harriman located the pickup, Trooper Ryan Moorehead apparently received word that Mark Casterline's vehicle was found off the road. Trooper Moorehead, after the execution of the warrantless entry, falsely reported that he *"parked in front of 4465 Oak Road – Ontario"* at *"10:50 p.m."* to *"check on the welfare of Mark Casterline...I wanted to ensure that he was not injured...I stepped out of my vehicle* [at 10:50 p.m.] *and Roy Youngblood quickly rolled up on his 4-wheeler."*

19.

However, Mr. Youngblood reported to Trooper T. Draze in a follow up interview approximately 11 hours later, at 9:40 a.m. the next morning, that in fact **Trooper Moorehead was on Youngblood's driveway** and that is where he talked to the officer.

20.

Youngblood reported to Trooper Moorehead that he does not like Plaintiff Mark Casterline, and Youngblood had not seen or spoken with Mr. Casterline that entire day (6/9/06), according to Youngblood's statement to Trooper Draze. Notwithstanding this fact, Youngblood reportedly told Trooper Moorehead, that at approximately 10:50 p.m. on June 9,

COMPLAINT FOR DAMAGES, CIVIL RIGHTS UNDER 42 USC SEC. 1983, FOURTH AMENDMENT VIOLATION, WARRANTLESS ENTRY INTO HOME WITH DAMAGE TO PREMISES WITHOUT EXIGENT OR EMERGENCY CIRCUMSTANCES AND ARREST AND DETAINER OF PERSON WITHOUT WARRANT AND WITHOUT EXIGENT CIRCUMSTANCES AND WITHOUT REQUIRED PROBABLE CAUSE TO BELIEVE PLAINTIFF WAS IN RESIDENCE

Page 6

Law Offices of Foster A. Glass • Attorney at Law
339 SW Century Drive, Suite 101 • Bend, Oregon 97702
Telephone (541) 317-0703 • Fax (541) 317-0736 • e-mail: fosterg@bendcable.com

2006 on Youngblood's driveway, that Casterline was *"probably high or drunk"* and to not *"approach him by himself."* Moorehead allegedly responded while standing on Youngblood's driveway, *"I was in the process of telling Youngblood that I would request a backup officer when we heard a loud gunshot."*

### 21.

Trooper Moorehead falsely states in his separate probable cause affidavit, that he was *"...attempting contact at 4460 Oak Rd – Ontario, OR...**as I approached his home** a single shot was fired and officers set up a perimeter."*

Trooper Moorehead then <u>speculates</u> back in his report; *"...the shot came from Mark Casterline's residence <u>approximately 100 ft. away</u>. There are no houses close by. Casterline's house is obscured by vegetation, so we could not see in combination with the dark."* A bus also was parked on Plaintiff's property in a position that obscured the view of Plaintiff's house.

Trooper Moorehead next further speculates in his report that the alleged shot *"was presented as an intimidating gesture from Mr. Casterline's front yard."*

### 22.

Responding Trooper Duncan reported to the Oregon Observer that *"[i]t is <u>unknown whether he</u> [Casterline] <u>was shooting at police or not</u>..."*

### 23.

Based upon Trooper Moorehead's statement and Trooper Duncan's statement, three things are very clear; at the time the shot was fired:

1. Neither Trooper Moorehead nor neighbor Youngblood knew the **identity** of the person who fired an **alleged shot**.

2. Neither Trooper MOOREHEAD nor neighbor Youngblood knew the **direction** an

COMPLAINT FOR DAMAGES, CIVIL RIGHTS UNDER 42 USC SEC. 1983, FOURTH AMENDMENT VIOLATION, WARRANTLESS ENTRY INTO HOME WITH DAMAGE TO PREMISES WITHOUT EXIGENT OR EMERGENCY CIRCUMSTANCES AND ARREST AND DETAINER OF PERSON WITHOUT WARRANT AND WITHOUT EXIGENT CIRCUMSTANCES AND WITHOUT REQUIRED PROBABLE CAUSE TO BELIEVE PLAINTIFF WAS IN RESIDENCE

Page 7

Law Offices of Foster A. Glass • Attorney at Law
339 SW Century Drive, Suite 101 • Bend, Oregon 97702
Telephone (541) 317-0703 • Fax (541) 317-0736 • e-mail: fosterg@bendcable.com

**alleged shot** was fired.

3.  Neither Trooper Moorehead nor Youngblood knew the **intent** of the alleged unknown person who fired an alleged shot. Youngblood stated that the discharge sounded like a shotgun, but no pellets or sounds were heard strike the bus which would have been in the line of fire.

### 24.

Both Youngblood and Trooper Moorehead agree it was so dark neither of them could see either the alleged shooter or the alleged shot. Prior to this shot going off, the Trooper had been using a flood light to look through the surrounding fields according to Youngblood. After the shot was fired, Youngblood stated that Trooper MOOREHEAD left and *"went back down Oak Road."*

### 25.

Police and incident reports established the following sequence of the above-listed events, as we currently know them, is listed for clarity:

| | |
|---|---|
| 9:46 p.m. | Deputy Harriman was advised and responds to a report of a pickup truck in a ditch in the area of Jasmine Road and Power Road in Malheur County. (Sheriff's Report). |
| 10:36 p.m. | Deputy Harriman found a pickup truck in said location halfway in the ditch. **No specific damage to truck, no damage at all to surrounding area.** (Sheriff's report). Classified a "non-injury" accident. |
| 10:48-10:50 p.m. | During this time period, Trooper Moorehead notified that Mark Casterline's truck was found *"crashed and abandoned."* (MOOREHEAD report). |

COMPLAINT FOR DAMAGES, CIVIL RIGHTS UNDER 42 USC SEC. 1983, FOURTH AMENDMENT VIOLATION, WARRANTLESS ENTRY INTO HOME WITH DAMAGE TO PREMISES WITHOUT EXIGENT OR EMERGENCY CIRCUMSTANCES AND ARREST AND DETAINER OF PERSON WITHOUT WARRANT AND WITHOUT EXIGENT CIRCUMSTANCES AND WITHOUT REQUIRED PROBABLE CAUSE TO BELIEVE PLAINTIFF WAS IN RESIDENCE

Page 8

Law Offices of Foster A. Glass • Attorney at Law
339 SW Century Drive, Suite 101 • Bend, Oregon 97702
Telephone (541) 317-0703 • Fax (541) 317-0736 • e-mail: fosterg@bendcable.com

| | |
|---|---|
| 10:48-10:50 p.m. | Trooper Moorehead (or perhaps a hunting client of Youngblood's) is using a flood light to look at Chester Roy Youngblood's **Private Shooting Reserve**. |
| 10:48-10:50 p.m. | Trooper MOOREHEAD parks on Youngblood's driveway at the shooting reserve, which is east and slightly south of Mr. Casterline's house. The line of sight between Plaintiff's Mark Casterline's house and neighbor Youngblood's driveway is completely blocked by a large yellow school bus, and divided by Oak Road. Trooper Moorehead erroneously states in his report that he parked on Oak Road in front of Casterline's property. |
| 10:50 p.m. | Trooper Moorehead and Youngblood are speaking at Youngblood's *"Private Shooting Reserve"* and north, south and east of Moorehead is Youngblood's shooting reserve. |
| 10:50 p.m. | According to **one of Trooper Moorehead's later statements**, (his affidavit) Moorehead was *approaching* Casterline's home when a shot was fired. (This later statement is contradicted by the preceding and subsequent statements and information). |
| 10:50 p.m. | According to a **different version by Trooper Moorehead** cited in his report, Moorehead was talking to neighbor Youngblood on Oak Road, telling Youngblood he (Moorehead) would call for back up **before approaching** Casterline's house when a shot *"came from Casterline's residence* ["front yard"] *about 100 ft away."* |
| 10:50 p.m. | According to adverse witness, neighbor Youngblood, Trooper Moorehead was actually on Youngblood's *"driveway"* (a much further |

COMPLAINT FOR DAMAGES, CIVIL RIGHTS UNDER 42 USC SEC. 1983, FOURTH AMENDMENT VIOLATION, WARRANTLESS ENTRY INTO HOME WITH DAMAGE TO PREMISES WITHOUT EXIGENT OR EMERGENCY CIRCUMSTANCES AND ARREST AND DETAINER OF PERSON WITHOUT WARRANT AND WITHOUT EXIGENT CIRCUMSTANCES AND WITHOUT REQUIRED PROBABLE CAUSE TO BELIEVE PLAINTIFF WAS IN RESIDENCE

LAW OFFICES OF FOSTER A. GLASS • ATTORNEY AT LAW
339 SW Century Drive, Suite 101 • Bend, Oregon 97702
Telephone (541) 317-0703 • Fax (541) 317-0736 • e-mail: fosterg@bendcable.com

|  |  |
|---|---|
|  | distance) which is on the **shooting reserve** when the shot was fired. |
| 10:50 p.m. | In their later statements neither Harriman nor Youngblood knew where the alleged shot impacted, and Trooper Duncan later confirmed no one could determine in what direction an alleged shot was fired. |
| 10:50-3:16 a.m. | By the time the shot was fired **through** the time SERT (entry team) broke in to Plaintiff's home; neighbor Youngblood never saw Plaintiff Casterline on June 9, 2006, never saw Plaintiff Casterline return to his home on the evening of June 9, 2006, saw a completely different vehicle than Plaintiff's show up at Plaintiff's home at 10:00-11:00 p.m., never saw Plaintiff's vehicle that evening, and **did not know anything** regarding Plaintiff's whereabouts or physical condition on June 9, 2006. |
| 10:50-3:16 a.m. | Approximately 4.5 hours after Officer Harriman reported the pickup in the ditch, at least the following listed officers broke the door and entered Plaintiff's home without a warrant or a telephonic warrant: |

1. Trooper Ryan Moorehead
2. Sergeant Mark A. Duncan
3. Captain Travis Hampton
4. Trooper Javier Marquez
5. Officer Victor Grimaldo
6. Deputy Dan Perkins
7. Deputy Casey Walker
8. Deputy Wade Holom
9. Sr. Trooper Trish Draze
10. Sergeant Bob Speelman
11. Lt. Craig Smith
12. Det. Rob Honsucker
13. Dep. Brad Williams
14. Dep. Tammi Duby
15. Dep. Oscar Martinez
16. Dep. Brian Belnap
17. District Attorney Dan Norris

COMPLAINT FOR DAMAGES, CIVIL RIGHTS UNDER 42 USC SEC. 1983, FOURTH AMENDMENT VIOLATION, WARRANTLESS ENTRY INTO HOME WITH DAMAGE TO PREMISES WITHOUT EXIGENT OR EMERGENCY CIRCUMSTANCES AND ARREST AND DETAINER OF PERSON WITHOUT WARRANT AND WITHOUT EXIGENT CIRCUMSTANCES AND WITHOUT REQUIRED PROBABLE CAUSE TO BELIEVE PLAINTIFF WAS IN RESIDENCE

Page 10

Law Offices of Foster A. Glass • Attorney at Law
339 SW Century Drive, Suite 101 • Bend, Oregon 97702
Telephone (541) 317-0703 • Fax (541) 317-0736 • e-mail: fosterg@bendcable.com

**26.**

The Circuit Court granted Plaintiff Casterline's Motion to Suppress in Malheur County Circuit Court Case No. 06-06-7377C, finding on the record that Malheur County has and had available, a procedure for telephonic warrants, that police could have, but did not seek a telephonic warrant, and that no exigent or emergency exceptions to the warrant requirement were present prior to the warrantless entry.

## FIRST CAUSE OF ACTION
## UNLAWFUL ENTRY INTO HOME WITHOUT
## WARRANT OR JUSTIFIABLE EXIGENT CIRCUMSTANCES
## FOURTH AMENDMENT U.S. CONSTITUTION AND
## UNLAWFUL SEIZURE OR PERSON AND VIOLATION

**27.**

For Plaintiff's first cause of action against Defendants, Plaintiff incorporates paragraphs 1 through 26 as though set forth fully herein.

**28.**

Defendant police unlawfully broke the front door, entered Plaintiff's home while he had been sleeping unclothed, and confronted Plaintiff with great aggression, pointing firearms, physically manhandling him and causing him fear for his life. One of the police officers stated they though Plaintiff would probably commit *suicide-by-cop* and asked Plaintiff if he knew how close he came to being shot. Defendant police then searched and tossed Plaintiff's residence, placed Plaintiff under arrest and transported him to jail.

**29.**

As a result of Defendants' conduct Plaintiff suffered economic damages for repair of the front door and clean up of the house in an amount to be determined at trial. Further, as a

COMPLAINT FOR DAMAGES, CIVIL RIGHTS UNDER 42 USC SEC. 1983, FOURTH AMENDMENT VIOLATION, WARRANTLESS ENTRY INTO HOME WITH DAMAGE TO PREMISES WITHOUT EXIGENT OR EMERGENCY CIRCUMSTANCES AND ARREST AND DETAINER OF PERSON WITHOUT WARRANT AND WITHOUT EXIGENT CIRCUMSTANCES AND WITHOUT REQUIRED PROBABLE CAUSE TO BELIEVE PLAINTIFF WAS IN RESIDENCE

Page 11

Law Offices of Foster A. Glass • Attorney at Law
339 SW Century Drive, Suite 101 • Bend, Oregon 97702
Telephone (541) 317-0703 • Fax (541) 317-0736 • e-mail: fosterg@bendcable.com

result of Defendant's unlawful conduct Plaintiff incurred costs for legal services necessary to address the Defendants' unlawful violation of Plaintiff's Fourth Amendment rights, in an amount to be determined at trial.

**30.**

Further, Plaintiff suffered noneconomic damages, said Defendants' conduct causing Plaintiff fear of being shot to death, humiliation, embarrassment, loss of privacy of person and home and of his safety and security in having his home and personal privacy invaded, and being taken to jail, for which Plaintiff should be awarded noneconomic damages not to exceed $100,000.

**31.**

The conduct of Defendant police officers was deliberately indifferent to the constitutional rights accorded citizens, in failing to first seek to obtain a warrant prior to entry into Plaintiff's home; and Defendant Trooper Moorehead's conduct in falsifying facts in an attempt to justify warrantless entry and in failing to first seek a telephonic warrant, was either a willful violation of constitutional rights, or an extraordinary transgression of tolerable conduct and Plaintiff should be awarded punitive damages against said Defendant in an amount to be determined by the jury and trial, not to exceed $100,000.

WHEREFORE, Plaintiff prays for the following:

1. On Plaintiff's federal claim under 42 USC Sec. 1983:

    A. Economic damages for the damage done to his property and residence in an amount to be determined at trial..

    B. Economic damages for Plaintiff's incurred legal defense costs in an amount to be determined at trial;

COMPLAINT FOR DAMAGES, CIVIL RIGHTS UNDER 42 USC SEC. 1983, FOURTH AMENDMENT VIOLATION, WARRANTLESS ENTRY INTO HOME WITH DAMAGE TO PREMISES WITHOUT EXIGENT OR EMERGENCY CIRCUMSTANCES AND ARREST AND DETAINER OF PERSON WITHOUT WARRANT AND WITHOUT EXIGENT CIRCUMSTANCES AND WITHOUT REQUIRED PROBABLE CAUSE TO BELIEVE PLAINTIFF WAS IN RESIDENCE

Page 12

Law Offices of Foster A. Glass • Attorney at Law
339 SW Century Drive, Suite 101 • Bend, Oregon 97702
Telephone (541) 317-0703 • Fax (541) 317-0736 • e-mail: fosterg@bendcable.com

C. Noneconomic damages for Plaintiff's emotional distress, fear, humiliation and emotional distress in an amount to be determined at trial not to exceed $100,000 ;

D. Punitive damages in an amount to be determined at trial against the officers individually, not to exceed $100,000;

E. Reasonable costs and attorney fees incurred herein;

F. All remedies provided by Sec. 1983; and

G. Such other relief as the Court deems reasonable.

DATED this 9th day of June, 2008.

Signed by Claud Ingram OSB No. 61041
On behalf of Foster A Glass OSB No. 751334
Attorney for Plaintiff

COMPLAINT FOR DAMAGES, CIVIL RIGHTS UNDER 42 USC SEC. 1983, FOURTH AMENDMENT VIOLATION, WARRANTLESS ENTRY INTO HOME WITH DAMAGE TO PREMISES WITHOUT EXIGENT OR EMERGENCY CIRCUMSTANCES AND ARREST AND DETAINER OF PERSON WITHOUT WARRANT AND WITHOUT EXIGENT CIRCUMSTANCES AND WITHOUT REQUIRED PROBABLE CAUSE TO BELIEVE PLAINTIFF WAS IN RESIDENCE

Page 13